## Sharp *et al. v.* Autry.

Grice, Justice. 1. In a suit by heirs at law to recover land, based on such title as their father may have had, the issue being whether the father's occupancy at the time of his death was that of owner under a deed, or a tenancy, it was relevant to show as a circumstance that the father claimed it as owner, and not as a tenant; but the refusal of the court to permit one of the plaintiffs to testify that his father claimed it as owner affords no reason why a new trial should be granted, since four other witnesses swore to the fact, and since Albert Sharp, whose testimony was excluded, elsewhere in his testimony swore that he remembered the occasion testified to by one of the four witnesses referred to "when this deed was shown him by my father. I saw and heard what took place at that time."

2. It is not ground for a new trial that the court permitted a witness to testify that when preparing the will of Mrs. S. E. Sharp (the defendant being her executrix and devisee, and claiming under her) she mentioned the land in dispute, saying that it was hers, and told him to whom she wished to devise it; there being evidence to the effect that at the time the declarations were made she was in possession of the land.

3. As against the objection that the testimony was "wholly unauthorized by the pleadings, and, as illustrating no issue in this case, irrelevant and immaterial," it is not ground for new trial that the court permitted Autry, the husband of the defendant, to testify that he furnished supplies to Mrs. S. E. Sharp, his wife's mother, and that she lived with them from the day of his marriage until her death. If immaterial and irrelevant, it does not appear that the testimony was injurious or prejudicial to the plaintiffs.

4. It was not error requiring the grant of a new trial that the court, over the objection that the same was hearsay, permitted Mrs. Clyde Autry to testify that she heard Mrs. Almeda Sharp say that "she was mad because [the attorney for the plaintiff] had gotten her to sign some kind of a paper, . . and she said [the attorney] told her not to call the paper a will."

5. Under the pleadings and the evidence it was not error to charge the jury as complained of in ground 8 of the motion for new trial, set forth in the accompanying statement of facts.

6. It was not error to refuse to give the requested charges set forth in grounds 9, 10, and 11 of the motion.

7. Nor will a new trial be granted because the court refused to give the requested charge contained in ground 12.

8. Nor, in the light of the whole charge as given, will a new trial be granted because the court failed to give the requested charge quoted in ground 13.

9. Nor is it ground for a new trial that the court did not comply with the request to charge the jury as set forth in ground 14.

10. The verdict was supported by the evidence. Though the issues were in sharp conflict, they were fairly and fully submitted to the jury. No material error appears. *Judgment affirmed. All the Justices concur.*

No. 12465. SEPTEMBER 24, 1938.

808

*Lanham & Parker* and *Joseph M. Lang,* for plaintiffs.
*Maddox & Griffin,* for defendant.